Roach & Lin, PC
Jacqueline M. Kelly, Esq.
Attorneys for U.S. Bank, N.A.
6851 Jericho Tpke., Ste. 185
Syosset, New York 11791
516-938-3100

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

Teresa Vanessa Morton
*aka* Teresa Vanessa Morton-Bailey

　　　　　　　　Debtor

Ch. 13
Case No. 24-35311-kyp

---

Teresa Vanessa Morton

　　　　　　　　Plaintiff

Adv. Pro. No. 26-09002-kyp

　　　-against-

U.S. Bank N.A.

　　　　　　　　Defendant

---

## AFFIRMATION IN SUPPORT OF DEFENDANT'S
## MOTION TO DISMISS ADVERSARY PROCEEDING

JACQUELINE M. KELLY, an attorney duly licensed to practice law in the State of New York and admitted in the Southern District of New York, affirms the following to be true under penalty of perjury except as to those matters alleged to be upon information and belief which matters Affirmant believes to be true:

1. I am an associate at the law firm of Roach & Lin, PC, attorneys for the Defendant US Bank NA and as such am fully familiar with the facts and circumstances of this matter.

2. This adversary proceeding was commenced on March 2, 2026.

3.  This Affirmation is submitted in support of Defendant's pre-answer motion to dismiss this adversary proceeding pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure which makes Rule 56 of the Federal Rules of Civil Procedure applicable by reason of the Plaintiff Debtor's action being barred by the Rooker-Feldman Doctrine as will be explained. Cause exists to grant Defendant summary judgment as a matter of law as there are no genuine triable issues of fact.

STANDARD FOR SUMMARY JUDGMENT

4.  Federal Rule of Civil Procedure 56, made applicable by Bankruptcy Rule 7056, provides that "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." F.R.C.P. 56(a); *Celotex Corp. V Catrett*, 477 U.S. 317, 322-323 (1986). A court must determine whether the evidence presents sufficient disagreement as to warrant a trial or so one-sided that one party prevails as a matter of law. *Kulak v. City of New York*, 88 F.3d 63, 70 (2nd Cir. 1996) quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 (1986)). In ruling on a summary judgment motion, the court looks to pleadings, discovery together with affidavits. Celotex, supra at 322 (quoting F.R.C.P. 56(c) and reviews evidence in the light most favorable to the non-moving party with inferences in that party's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-588 (1986) quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Marvel Characters, Inc. v. Simon*, 310 F3d 280, 286 (2nd Cir. 2002).

5.  While the initial burden is on the movant to demonstrate the absence of a genuine dispute of material facts with particular citations to the record, *Celotex* supra at 323, *Marvel* supra at 286, the non-moving party cannot defeat the summary judgment by merely casting doubt on some of the facts, *Kulak* supra at 71. The non-moving party must point to disputed facts that

would affect the outcome of the case such that a reasonable trier of fact could find in favor of that party. See *Anderson*, supra at 247-248.

BASIS TO DISMISS

6. The complaint (Dkt. No. 1-1) claims Defendant's Judgment of Foreclosure and Sale as to the real property located at 2849 Rte. 44-55, Gardiner, NY ("Premises") is void, as the State Court lacked jurisdiction due to improper service, thus violating Plaintiff's due process rights.

7. What the Plaintiff fails to disclose is the fact that in the underlying mortgage foreclosure action, Plaintiff was served with the Summons and Complaint and she interposed an Answer, a copy of which is annexed hereto as **Exhibit "A"**. Plaintiff's sole defense was improper service. Plaintiff clearly had the opportunity, and did, participate in the State Court proceedings.

8. Thereafter, Defendant herein filed a motion seeking Summary/Default Judgment and Order of Reference. An Order granting said motion was entered on January 23, 2020. It Ordered that the Answer of Teresa V. Morton Bailey "be stricken and dismissed". A copy of the Order Granting Summary Judgment is annexed hereto as **Exhibit "B"**. The State Court, via its Order granting Defendant herein Summary Judgment, has already ruled on Plaintiff's claim of improper service. As of the date of this Affirmation, the Order Granting Summary Judgment has not been vacated.

9. Thereafter, on or about April 7, 2021, Defendant moved to Confirm the Referee's Report and for a Judgment of Foreclosure and Sale. The Motion was duly served on the Plaintiff. A copy of the Affidavit of Service by Mail is annexed hereto as **Exhibit "C"**. A Judgment of Foreclosure and Sale ("JFS") was issued by Justice Julian D. Schreibman of

the Supreme Court of the State of New York, Ulster County on January 12, 2023, and entered on January 13, 2023. A copy of the entered JFS with Notice of Entry is annexed hereto as **Exhibit "D"**.

10. The debtor filed a notice of appeal with the Appellate Division, Third Department. The appeal, Docket No. CV-23-0320, has not been perfected and has been stayed because of the bankruptcy.

11. As of the date of this Affirmation, the JFS has not been vacated and remains the law of the case.

12. The State Court JFS is res judicata in this adversary proceeding and plaintiff is collaterally estopped from seeking to re-litigate any of those issues before this Court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303 (1983). The Rooker-Feldman doctrine precludes the bankruptcy court from reviewing and/or declaring the JFS as void *ab initio* for to do so would be, in effect, an appeal of all prior State Court proceedings.

13. Despite Plaintiff's claim that the Rooker-Feldman doctrine does not apply to this claim of lack standing due to improper service, the doctrine is directly applicable.

14. There are four (4) requirements for the doctrine to apply: "(1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced." *Jones v. HSBC Bank USA N.A.* 2024 U.S. Dist. Lexis 96806, 12 (E.D.N.Y. 2024) (quoting *Worthy-Pugh v. Deutsche Bank Nat'l Tr.Co.,* 664 F. App'x 20, 21 (2d Cir. 2016)).

15. All four requirements have been satisfied herein. Specifically, (1) Plaintiff lost in State Court as evidenced by the JFS being entered against her; (2) Plaintiff complains that her

due process rights have been violated because of the JFS being entered; (3) Plaintiff has filed the within Adversary Proceeding requesting that this Court void the JFS; and (4) the JFS herein was entered in 2023, prior to the commencement of this Adversary Proceeding. Accordingly, it is Defendant's position that Rooker-Feldman applies.

16. Having satisfied the requirements as noted above, it is respectfully submitted that this Court does not have subject matter jurisdiction to review the State Court decision. "Courts in this Circuit have consistently held that any attack on a judgment of foreclosure and sale is clearly barred by the *Rooker-Feldman* doctrine." *Holmes v. Ocwen Loan Servicing, LLC (In Re Holmes)*, 2020 Bankr. Lexis 1962, 10 (Bankr. S.D.N.Y. 2020). Furthermore, "*Rooker-Feldman* precludes a federal district court from entertaining a suit that 'would require the federal court to review the state proceedings and determine that the foreclosure judgment was issued in error.'" *Burton v Wells Fargo Bank, N.A.*, 738 F. Supp 3d 272, 289 (E.D.N.Y. 2024) (quoting *Vossbrink v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir.2014)).

## CONCLUSION

17. There are no genuine issues of fact herein. The State Court judgment of foreclosure and sale is res judicata and entitled to collateral estoppel. Under the *Rooker-Feldman* doctrine, this Court does not have the authority to entertain this adversary proceeding.

18. Defendant is entitled to summary judgment as a matter of law dismissing this adversary proceeding.

19. In the event this motion is denied, then Defendant is requesting an extension of time to serve and file an answer.

WHEREFORE, Defendant respectfully requests this motion be granted and this adversary proceeding be dismissed with prejudice.

Dated: Syosset, New York
   March 24, 2026

        ROACH & LIN, PC
        Attorneys for Defendant
        U.S. Bank, N.A.
        By: *Jacqueline M. Kelly*
        JACQUELINE M. KELLY, ESQ.
        6851 Jericho Tpke., Ste. 185
        Syosset, New York 11791
        516-938-3100